NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL POWELL, | Civil No. 05-4094 (RBK) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| BAYSIDE CORREC. FACILITY, et al., | |
| Defendants. | |

**APPEARANCES**:

>  DANIEL POWELL, #365457B
>  South Woods State Prison
>  215 Burlington Road
>  South Bridgeton, New Jersey  08302

**KUGLER**, District Judge

Plaintiff Daniel Powell, a prisoner who is presently incarcerated at South Woods State Prison, seeks to file a Complaint and an Amended Complaint in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses a $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and to forward same to the Clerk of the Court; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each

subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b). Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint, as amended, for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A.

## I. BACKGROUND

Plaintiff asserts the following facts in the Complaint, as amended by the Amended Complaint. While Plaintiff was incarcerated at Bayside State Prison, Dr. Briglia prescribed a knee brace to support Plaintiff's left knee because the knee contained screws and plates. Plaintiff asserts that Dr. Briglia forgot to place a notation in Plaintiff's medical file authorizing use of the brace. As a result, on August 19, 2003, corrections officer Glen Daniels confiscated the brace. Plaintiff states that he reported the problem to the ombudsman's office that same day. Plaintiff asserts that the next day his knee collapsed, and he had to be taken to the medical department in a wheelchair. Plaintiff alleges that the nurse at the prison (whose name he does not know) refused to call the doctor or send Plaintiff to an outside hospital.

According to the original Complaint, officials took him to a hospital on August 21, 2003, and x-rays revealed that his left ankle was broken. In the Amended Complaint, Plaintiff states that he did not see a doctor for three days because the nurse deliberately delayed calling the doctor. Plaintiff asserts that doctors at Bristol Hospital performed four different surgery procedures on August 22, 2003. Plaintiff seeks damages for deliberate indifference to his serious medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case."  Swierkiewicz v. Soreman, 534 U.S. 506 511 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement of the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define

disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512.  Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

A.  Eighth Amendment

Plaintiff seeks damages against Dr. Briglia, Corrections Officer Glen Daniels, Officer Mooney, the Warden, and John and Jane Does for violation of the Eighth Amendment of the United States Constitution, applicable to States through the Fourteenth Amendment, and 42 U.S.C. § 1983.  Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-7 (1984)).  To prevail on a failure to protect claim under 42 U.S.C. § 1983 against an individual, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm" and that the defendant was deliberately indifferent to the risk.  Farmer, 511 U.S. at 833, 837.  To establish a violation of the Eighth Amendment right to adequate medical care, a prisoner "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).  As Plaintiff's medical need for a brace is serious, to survive dismissal Plaintiff's allegations must support an inference that one or more persons was deliberately indifferent to his need.[1]

An official may be found deliberately indifferent where he or she "knows of and disregards an excessive risk to inmate health or safety." Natale, 318 F.3d at 582 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "The knowledge element of deliberate indifference is

---

[1] Although the Third Circuit Court of Appeals "has defined a medical need as serious if it has been diagnosed by a physician as requiring treatment, [the Court] ha[s] also recognized: "Estelle makes clear that if unnecessary and wanton infliction of pain, . . . results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.'" Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) (quoting Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)).

5

subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

In this case, the facts alleged in the Complaint and Amended Complaint do not show that any person was deliberately indifferent to Plaintiff's health or safety. Plaintiff's allegations indicate that Dr. Briglia was negligent in failing to note in Plaintiff's records that the knee brace medically authorized, but negligence does not satisfy the deliberate indifference standard. Farmer, 511 U.S. at 835 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of [cruel and unusual] punishment"); Davidson v. Cannon, 474 U.S. 344 (1986) (prison official who "mistakenly believed that the situation was not particularly serious" did not deprive inmate of a liberty interest); Daniels v. Williams, 474 U.S. 327 (1986) (due process is not implicated by a state official's negligent act causing injury to an inmate). Given that Plaintiff's medical records contained no authorization for the knee brace, it cannot be found that Defendant Officer Daniels was deliberately indifferent to Plaintiff's serious medical needs when he confiscated the knee brace. Plaintiff alleges that the nurse at Bayside State Prison is liable under § 1983 because, when Plaintiff's knee collapsed on August 20, 2003, the nurse did not contact a doctor fast enough and, as a result, a doctor did not examine Plaintiff for a few days after the fall and surgery was not performed until August 22, 2003. Even if the nurse deliberately delayed in contacting a doctor, Plaintiff's allegations do not rise to the constitutional standard of deliberate indifference. A complaint that a nurse has been negligent in diagnosing or treating a medical

6

condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

Estelle, 429 U.S. at 106.

> But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . .

Estelle, 429 U.S. at 107.

Because the Complaint, as amended, does not show deliberate indifference, the Court will dismiss Plaintiff's Eighth Amendment claims for failure to state a claim.

B.  Supplemental Jurisdiction

Where a district court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction over state claims if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3) (1990); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, ?the district court should take into account generally accepted principles of ‹judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  See United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court has dismissed at an early stage in the litigation every claim over which it had original subject matter jurisdiction, and sees no reason to exercise supplemental jurisdiction over claims arising under state law.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint and Amended Complaint in forma pauperis, dismisses the federal claims, and declines to exercise supplemental jurisdiction over claims arising under state law.

                                                    s/Robert B. Kugler
                                                    **ROBERT B. KUGLER, U.S.D.J.**


Dated:       March 8       , 2006